800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Lawrence K. MURPHY, Appellant.
UNITED STATES of America, Appellee,
v.
Mary Lerether MOTT, Appellant.
 Nos. 85-5286(L).
 United States Court of Appeals,
Fourth Circuit.
 Argued July 18, 1986.
Decided Sept. 8, 1986.
 
 H. Gerald Beaver and William R. Davis (Beaver, Thompson, Holt & Richardson, P.A.; Cooper and Davis on brief), for appellants.
 William D. Delahoyde, Asst. U.S. Atty. (Samuel T. Currin, U.S. Atty., Samuel T. Rosenthal, Chief Appellate Section on brief), for appellee.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Lawrence Murphy and Mary Mott appeal judgments of conviction under 18 U.S.C. Sec. 286, conspiracy to defraud the government by obtaining payment of a false and fraudulent claim. Mott and Murphy contend that the evidence presented at trial was insufficient to support their convictions, and that the district court wrongly denied their motions for aquittal under Fed.R.Crim.P. 29. We affirm.
 
 
 2
 Murphy and Mott were charged with conspiring to defraud the United States by obtaining federal tax refunds based on fraudulent tax returns. In 1985, the Internal Revenue Service discovered certain tax returns it believed to be fraudulent. The address given on the tax return for one "James B. Boykin" was a post office box in Garland, North Carolina, rented by Mott.
 
 
 3
 The IRS arranged a controlled delivery of a delay in processing form, addressed to Boykin. The Garland postmistress was instructed to put a note in Mott's box, asking her to come to the customer service counter. When the postmistress showed Mott the letter and asked if it was hers, Mott said it was, and walked out with it. Mott later admitted to Treasury Special Agent Debra Burney that she had received, read, and discarded the letter, although it was addressed to Boykin.
 
 
 4
 In July, 1985, IRS agents made a controlled delivery of Boykin's check to Mott's post office box. Shortly after Mott picked up her mail, agents stopped her, and asked if the mail belonged to her, Mott said that the mail was hers, except for the refund check, which she was picking up for a friend. The agents ar rested Mott, and with her consent, searched her wallet, which contained a bank card belonging to Murphy. Mott later asked if she could make a phone call, and called Hattie mae Murphy, who lived with her son Lawrence. At trial, Lawrence and Hattie Mae Murphy testified that Mott was a good friend. The government also introduced evidence showing that Lawrence Murphy had an uncle, James E. Boykin, who lived with him.
 
 
 5
 Mott and Murphy moved for a judgment of acquittal under Rule 29, contending that the government's evidence was insufficient to support convictions for conspiracy. The district court denied the motions, and the jury found Mott and Murphy guilty of conspiracy.
 
 
 6
 Because there was sufficient evidence to support the submission of the case to the jury, we affirm the decision below. The standard of review for denial of a Rule 29 motion is quite narrow. Reversal is warranted only if after viewing the evidence in the light most favorable to the government we conclude that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Hughes, 716 F.2d 234, 239 (4th Cir.1983).
 
 
 7
 Various members of Murphy's family testified that Mott knew Murphy well, and she was carrying his bank card in her purse at the time of her arrest. Mott also accepted two letters addressed to Boykin, and read and discarded the first. The evidence suggests active involvement in the conspiracy, not a posture of innocence and ignorance. United States v. Callazo, 732 F,2d 1200, 1205 (4th Cir.1984), cert. denied, 105 S.Ct. 777 (1985) .
 
 
 8
 The evidence against Murphy amply established his furtherance of the enterprise with Mott and his personal preparation of several fraudulent tax returns. Given the evidence, a rational trier of fact could conclude that Mott and Murphy conspired to defraud the government. The judgment of the district court is therefore
 
 
 9
 AFFIRMED.